UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Paul Parsell,  Case No. 3:17-cv-1319

    Plaintiff

v.  MEMORANDUM OPINION

Commissioner of Social Security,

    Defendant

Before me is the Report and Recommendation ("R & R") of Magistrate Thomas M. Parker. (Doc. No. 16). Judge Parker recommends I affirm the final decision of Defendant Commissioner of Social Security to deny Plaintiff Robert Paul Parsell's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id*.). Parsell filed objections to the R & R, (Doc. No. 17), to which the Commissioner filed a response, (Doc. No. 18).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509. Further, "absent compelling reasons, [the Magistrate Judges Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to

the magistrate." *Murr v. United States*, 20 F.3d 895, 902 n.1 (6th Cir. 2000); *see also The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

In the objections, Parsell disputes only Judge Parker's finding that the ALJ's Residual Function Capacity ("RFC") regarding Parsell's upper extremities was supported by substantial evidence. Specifically, Parsell first contends the opinion of Dr. Onamusi, on which the ALJ purported to rely, did not support the ALJ's RFC with respect to Parsell's upper extremities. But, Parsell did not raise this argument in his "Fact Sheet and Statement of Errors" before Judge Parker, failing to even mention Dr. Onamusi. (Doc. No. 13). Therefore, this "objection" must be considered waived for appeal.

Even if I were to consider the merits of this addition argument, Parsell's interpretation of Dr. Onamusi's opinion does not lead to the conclusion that the ALJ's decision was not supported by substantial evidence. "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). As Parsell himself states, Dr. Onamusi found Parsell's grip strength to be 20 pounds with his right hand and 70 pounds with his left. (Doc. No. 17 at 4). Dr. Onamusi also found Parsell could use his right hand "in an adapted fashion." (*Id.*). From this, a reasonable mind could find Parsell could perform light work, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Therefore, even if there is evidence to support the opposite conclusion, the ALJ's decision must be upheld as supported by substantial evidence. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Ultimately, aside from this new argument, Parsell introduces the same challenge to the ALJ's upper extremity RFC finding as he did before Judge Parker. Because Parsell made no attempt to "specifically [ ] address the findings of the magistrate," but instead introduced an additional

argument, his objections do not amount to a legitimate appeal of the R & R.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also, e.g., Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an objection for the purposes of this review.").

On independent review of the R & R, I agree with Judge Parker's recommendation that the ALJ's decision was supported by the relevant facts and applicable law.  Therefore, Parsell's objections are overruled, and Judge Parker's R & R is adopted, in full.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge